CRAIG WILSON and TRACY WILSON, Minors, by their next friend, JAMES H. WILSON, and JAMES H. WILSON, IND., and ROSITA WILSON, Plaintiffs Below, Appellants, v. THE AMERICAN INSURANCE COMPANY, a corporation of the STATE OF NEW JERSEY, Defendant Below, Appellee.

*(April* 21, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*H. James Conaway, Jr.,* and *William F. Taylor,* of Morford, Young & Conaway, for plaintiffs below, appellants.

*William Prickett, Jr.,* and *Roger Sanders,* of Prickett & Prickett, for defendant below, appellee.

Supreme Court of the State of Delaware, No. 65, 1966.

HERRMANN, Justice:

The ultimate question before us is whether the defendant insurance company is estopped to deny coverage under a certain

automobile liability insurance policy.

The facts viewed in the light most favorable to the plaintiffs are these:

In December 1959, a policy of automobile liability insurance was issued by the defendant company to Leroy Gomeringer of Pedricktown, New Jersey, through the company's local authorized agent, Rolland S. Kille. The issuance date was December 17, 1959 but the policy term was from 12:01 A.M. December 4, 1959, the date of the application, to 12:01 A.M. December 4, 1960. The policy called for installment payments of the premium commencing December 4, 1959 but the first installment was not actually paid until after the policy was delivered. This was Gomeringer's first policy with the defendant although he had purchased other insurance through Kille from other companies. When the policy was originally issued, it stated Gomeringer's name as the sole insured but provided that it covered "his spouse, if a resident of the same household." By endorsement effective August 29, 1960, Mrs. Gomeringer was added as a named insured. The premium installments were paid by Gomeringer upon receipt of premium notices from Kille. Gomeringer relied upon the written notices for premium payments.

In September 1960, Mrs. Gomeringer left her husband and moved to Claymont, Delaware. Neither Kille nor the defendant was notified of this development.

On December 6, 1960, an automobile operated by Mrs. Gomeringer was involved in an accident in Delaware with an automobile operated by Mrs. James H. Wilson Gomeringer promptly notified Kille of the accident. He understood Kille to say at the time that there might be some difficulty in obtaining further insurance coverage for Mrs. Gomeringer because she had had several accidents during 1960; but Gomeringer did not understand that there was any question about coverage for Mrs. Gomeringer in connection with the December 6 accident.

In October 1960, the defendant had decided against renewing the policy as to Mrs. Gomeringer because of her accident record. The defendant sent a letter, dated October 24, 1960, to that effect to Kille but he failed to communicate it to Gomeringer as requested by the defendant.

On December 19, 1960, a renewal policy was issued by the defendant through Kille covering Gomeringer alone, its effective date being specified as December 4. By endorsement, Mrs. Gomeringer was expressly excluded from coverage on the renewal.

Suit was brought by the plaintiffs herein against Mrs. Gomeringer for injuries and damages sustained in the December 6 accident. The defendant denied coverage on the ground that the policy covering Mrs. Gomeringer had expired two days before the accident; and the defendant, therefore, declined to defend. A default judgment was entered against Mrs. Gomeringer in favor of the plaintiffs herein which the defendant has refused to pay for the same reasons. The plaintiffs brought this action against the defendant for payment of the judgment obtained against Mrs. Gomeringer, claiming that she was an insured covered by the policy and that the defendant is liable to pay the judgment awarded against her. The defendant denies that Mrs. Gomeringer was covered by the insurance policy at the time of the accident. The plaintiffs reply that, under the facts, the defendant is estopped to deny such coverage. After depositions, the defendant moved for summary judgment. The trial judge concluded that there was no insurance policy in effect on the date of the accident covering Mrs. Gomeringer and that no estoppel arose under the facts to prevent the defendant from denying coverage. Therefore, the defendant's motion for summary judgment was granted. The plaintiffs appeal.

We think that the trial judge was quite right in the conclusions he reached.

First, it is beyond question that the insurance policy had actually expired at midnight on December 4. Because it had not been renewed, the policy was not in force and effect at the time of the

accident on December 6.

■ ■ Secondly, by definition, the doctrine of equitable estoppel is unavailable to the plaintiffs. An estoppel may arise when a party by his conduct intentionally or unintentionally leads another, in reliance upon that conduct, to change position to his detriment. *Wolf v. Globe Liquor Co.,* 34 Del. Ch. 312, 103 A.2d 774 (1954); *Employers' Liability Assur. Corp. v. Madric,* Del., 183 A. 2d 182 (1962). To establish an estoppel, it must appear that the party claiming the estoppel lacked knowledge and the means of knowledge of the truth of the facts in question, that he relied on the conduct of the party against whom the estoppel is claimed, and that he suffered a prejudicial change of position in consequence thereof. See *Ainscow v. Alexander,* 28 Del. Ch. 545, 39 A.2d 54 (1944).

■ In the case at hand, we are unable to discover any essential element of the doctrine of estoppel. There never was any privity between the plaintiffs and the defendant; there never was any reliance by the plaintiffs upon the conduct of the defendant; and the plaintiffs never changed position to their detriment upon the basis of any conduct of the defendant. The doctrine of estoppel just does not fit the plaintiffs' situation and they have no standing to invoke it.

■ Assuming *arguendo,* however, by virtue of a policy provision,* that the plaintiffs have whatever rights Mrs. Gomeringer may have had to assert an estoppel against the defendant, the plaintiffs remain unaided. There is no showing that Mrs. Gomeringer knew and relied upon any practice of Kille to send premium notices to her husband; or that she acted or changed her position to her detriment on the assumption that the policy of December 4, 1959 would be automatically renewed as to her when it expired. There is no showing that Mrs. Gomeringer failed to acquire other insurance coverage, on the assumption of a renewal of the endorsement coverage, or otherwise

---

*Condition 7 of the policy provides: "Any person * * * who has secured such judgment [against insured] * * * shall thereafter be entitled to recover under this policy * * *."

acted or changed her position to her detriment by reason of the conduct of the defendant. The elements of an estoppel are just as lacking in Mrs. Gomeringer's posture as they are in the plaintiffs'.

The plaintiffs rely upon *Minnick v. State Farm Mutual Auto. Ins. Co.,* Del., 174 A.2d 706 (1961) and *Seavey v. Erickson,* 244 Minn. 232, 69 N.W.2d 889, 52 A.L.R.2d 1144 (1955). These cases, and other authorities cited by the plaintiffs, stand for the proposition that an insurance company may be estopped to declare an automobile liability insurance policy cancelled or forfeited for non-payment of premium, when a premium notice has not been sent in accordance with a custom or practice established over a long period of time between the insured and the company, the insured relying upon such custom to his prejudice. For example, in Minnick, our Superior Court in applying the doctrine of estoppel stated: "Insured had received the benefit of this service [written premium notice] for the life of his policy, a period of several years. This is an adequate time to establish a custom and usage in the dealings between the parties. Defendant had a right to relax and rely upon the anticipated notice advising him of the impending due date."

The pattern for the application of the doctrine of estoppel is clearly traceable in such factual situation. In the case before us, however, there had been only a few months of contractual relationship between the company and the insured — a year at most if Mr. Gomeringer is considered to be the insured rather than Mrs. Gomeringer — certainly an insufficient time in any event for the establishment of a custom or practice between the parties as to renewals of the policy. We are not required to pass upon the propriety of the application of the doctrine of estoppel in a situation such as appears in the Minnick case. Suffice it to say that the insured is not the plaintiff in the instant case; and that here we have a declination to renew an expired insurance contract and not a forfeiture of an existing policy for non-payment of premium. The right to cancel a policy before its expiration, in the face of an accident giving rise to potential liability, is far more open to question and to the invocation of the equities than is the right of a company to decline to renew a contract of insurance which has expired

under its terms.

Accordingly, we agree with the trial judge that the defendant is entitled to summary judgment. The judgment below is affirmed.