Beatrice D. PHILLIPS and John H. Phillips, Jr., Defendants Below, Appellants,

v.

LIBERTY MUTUAL INSURANCE COMPANY and Liberty Mutual Fire Insurance Company, corporations of the State of Massachusetts, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

April 28, 1969.

Clement C. Wood, of Allmond & Wood, Wilmington, for defendants below, appellants.

William Prickett, of Prickett, Ward, Burt & Sanders, Wilmington, for Liberty Mutual Fire Ins. Co., plaintiff below, appellee.

CAREY and HERRMANN, JJ., and MESSICK, Judge, sitting.

HERRMANN, Justice:

This is an appeal by Beatrice D. Phillips and John H. Phillips, Jr. (hereinafter "the Phillips"), defendants below, from the decision of the Chancery Court declaring that the plaintiff, Liberty Mutual Fire Insurance Company (hereinafter "Fire") is entitled to be reimbursed, out of a judgment recovered by the Phillips from Delaware Power & Light Company (now known as Delmarva Power and Light Company, hereinafter "Delmarva"), for insurance monies Fire paid to the Phillips, as their fire insurance carrier, for the loss of the Phillips' house and its contents. The appeal is also from the denial of the Phillips' counterclaim for a portion of the legal fees and costs expended by them in obtaining the judgment against Delmarva; and from the ruling that Fire may have reimbursement as to the portion of the insurance monies paid over to the holder of the mortgage on the house.

The Phillips' home and contents were destroyed by a gas explosion. The Phillips sued Delmarva for which Liberty Mutual Insurance Company (hereinafter "Liberty") was the liability carrier. Fire and Liberty were affiliated companies and Robert Ralston was the local claims manager for both. Fire promptly paid the Phillips $18,000., the total limits of coverage on the property; $10,000. on the house and $8,000. on the contents. Ralston made several efforts to settle the liability claim with the Phillips' attorney, but the settlement talks failed. As the result of a jury trial in the Superior Court, the Phillips recovered judgment against Delmarva in the amount of $68,611.92 covering certain personal injuries and property damage. Liberty sought to pay the judgment less Fire's subrogation claim for $18,000.; but the Phillips insisted on being paid the full amount of the judgment. The instant action was then brought in Chancery Court to restrain the Phillips from executing on the Superior Court judgment and for a declaration that Fire was entitled to be reimbursed out of the judgment proceeds. A preliminary restraining order was entered by agreement, under which $22,600. ($18,000. plus accrued interest) is being held on deposit, *pendente lite*; the balance of the proceeds of the Superior Court judgment was disbursed to other lien holders and to the Phillips. Following trial, the Chancery Court ruled in favor of Fire on all issues. The Phillips appeal.

## I.

◼ The Phillips contend that the Superior Court judgment did not include the amount which Fire now seeks by way of subrogation; that the Chancery Court erred in finding otherwise. In this connection, the Chancery Court made the following factual findings:

"In the situation here presented, * * * the Phillips as plaintiffs in the Superior Court received a verdict for their property loss in a stipulated amount, and I can discern no sound basis for the contention that their actual property loss was substantially higher. In other words, once Mr. Ralston was satisfied of the extent of the Phillips' loss, he agreed without haggling to payment of the full fire coverage, namely, $10,000 on the home and $8,000 on its contents. Accordingly, the difficult task of fixing values of obliterated personal property was obviated. The so-called proof of loss thereafter served no useful purpose. And as noted above, I found nothing in the present record at odds with stipulated figures other than Mrs. Phillips' testimony (here quoted by the court below) to the effect that the insured articles of personal property had been inventoried at a value of $31,505.20. In any event, such contention of the Phillips would appear to have been abandoned at trial when the stipulated amounts were put to the jury. * * * In short, the facts of record satisfy me that the insurance payments received by the Phillips were in effect to be taken into account in the event the tort feasor became bound by a judgment or by a settlement. And, as noted, the stipulated judgment was entered against such tort feasor."

We hold that the record contains sufficient evidence to support the findings of fact made by the Trial Court in this respect; and we agree with the inferences and deductions the Trial Court drew therefrom.

## II.

◼ The Phillips contend that Fire was not led to believe that its subrogation claim would be honored in the event of a recovery in the Superior Court action; that the Chancery Court erred in finding otherwise. In this connection, the Chancery Court made the following factual findings:

"Next I am satisfied that the sequence of events from the time of the Phillips' loss to the return of the jury verdict led Liberty Mutual Fire's agent, Mr. Ralston, reasonably to believe that the insurance coverage paid out by Fire would be repaid in the event of an appropriate jury verdict. * * * Subrogation, being an equitable concept, the formalities now evoked by the Phillips seem inappropriate particularly under the particular facts and circumstances of this case. And, as noted above, at the time that the Phillips' case went to the jury Mr. Ralston made it entirely clear that reimbursement was expected. * * *."

We hold that the record contains sufficient evidence to support the findings of fact made by the Trial Court in this respect; and we agree with the inferences and deductions the Trial Court drew therefrom.

## III.

◼ The Phillips contend that their defenses of estoppel and waiver were substantiated by a preponderance of the evidence; and that the Chancery Court erred in holding otherwise. In this connection, the Chancery Court held:

"Next, I am satisfied that the sequence of events from the time of the Phillips' loss to the return of the jury verdict led Liberty Mutual Fire's agent, Mr. Ralston, reasonably to believe that the insurance coverage paid out by Fire would be repaid in the event of an appropriate jury verdict. I am also satisfied that Mr. Ralston took no action which would have either stopped Fire from asserting

its claim or constitute a waiver of a claim of subrogation. Subrogation, being an equitable concept, the formalities now envoked by the Phillips seem inappropriate particularly under the particular facts and circumstances of this case. And, as noted above, at the time that the Phillips' case went to the jury, Mr. Ralston made it entirely clear that reimbursement was expected. I conclude that there was no loss to this claim by action or inaction."

Here again, we deal with factual findings made by the Trial Judge. We hold that the record contains sufficient evidence to support those findings; and we agree with the inferences and deductions the Trial Court drew therefrom. Compare Wilson v. American Insurance Company, Del., 209 A.2d 902 (1965).

### IV.

■ The Phillips contend that the Chancery Court erred in holding that Fire was entitled to reimbursement for the $3,570. portion of the fire loss paid to the holder of the mortgage on the house. In this connection, the Chancery Court stated:

"Turning next to the matter of the satisfaction of the mortgage of record against the Phillips' home at the time of the 1962 explosion and the latter's contention concerning it, it appears that what Liberty Mutual Fire Insurance Company is actually seeking, on the basis of its having paid off the Phillips' mortgage is not recovery from the Phillips but the assertion of a subrogation claim against the tort feasor, Delmarva Power and Light Company. There must always be a dual concept of liability where insured property is subject to a mortgage. Thus in the event of a fire or other casualty, an insurer may be relieved of its contractual liability to a mortgagor because of the latter's failure to abide by the terms of this contract, at the same time it will remain bound to pay a non-offending mortgagee's loss.

Here, there is no question about the Phillips' right to compensation from their insurer, and what the plaintiff seeks is not the assertion of the mortgagee's claim against mortgagor but its claim to be made whole out of funds recovered by the Phillips from the tort feasor. I conclude that if Liberty Mutual Fire Insurance Company is entitled to be generally subrogated insofar as it seeks recovery from the monies here on deposit, that it is entitled as well to assert its equitable claim to being reimbursed for its advancement of the mortgage monies above referred to."

We agree with the conclusions of the Trial Court in this respect. Fire does not seek to be subrogated to the rights of the mortgage holder against the Phillips; rather, having paid the mortgage debt, it looks to Delmarva for reimbursement. The Phillips seek a double benefit; first, by payment of the mortgage debt they owed; second by recovery from Delmarva for the same amount. Neither the insurance policy, nor the cases cited by the Phillips, nor considerations of fairness and equity, permit such result. There was no error in the Vice Chancellor's ruling upon this phase of the case.

### V.

The Phillips contend that they should have prevailed on their counterclaim for a sharing by Fire of legal fees and expenses incurred in obtaining the Superior Court judgment. We agree in principle. In this connection, the Chancery Court stated:

"Finally, there is the contention that should Liberty Mutual prevail in its claim for the $18,000 plus interest here at issue, that the Phillips are entitled to be reimbursed pro rato for their deposition expenses, the expenses of an expert witness and the fee of their attorney on the theory that through their efforts and expense, monies were recovered from the tort feasor, Delmarva Power & Light Company. * * * However, the Phillips disregarded the fact that their suit

against the tort feasor included the claim from Mrs. Phillips' personal injuries. In fact, it would appear that had it not been for such element of the Phillips' claims, the case would not have gone to the jury in the Superior Court, the extent of their property damage having been stipulated to. * * * In view of Mr. Ralston's activities including settlement discussions and other negotiations over Liberty Mutual Insurance Company's liability obligation, I can see no basis for compelling Liberty Mutual Fire to bear a part of the Phillips' fees and expenses. Property damage having been stipulated, the sole matter for the jury appears to have been Mrs. Phillips' personal injury claim. Fire clearly had no responsibility in that area of the case."

■ The Trial Court erred in this facet of the case, we think, because the Superior Court litigation included trial of the issue of liability on the part of Delmarva. The verdict and judgment, by which Fire now will benefit, were based upon the success of the Phillips' attorney as to that issue. Since Fire will share in the benefits of the successful litigation of the issue of liability, fairness requires that Fire should share in some proper proportion in reasonable legal fees and expenses necessarily incurred in obtaining that result.

Fire argues that the Phillips' attorney was not employed by Fire; that no "fund" was created; and that this is not a derivative suit. We have considered these contentions and the numerous cases cited on both sides relative thereto. While there can be no dispute as to the basic principles for which Fire contends, we think they are not apposite here; and because of the extraordinary factual situation in the instant case, we find unpersuasive the authorities upon which Fire relies.

Basing our decision on considerations of fairness and equity, we hold that Fire should make an appropriate contribution toward reasonable legal fees and expenses in the Superior Court action. The cause will be remanded to the Chancery Court for de-

termination of the portion of such reasonable fees and expenses to be contributed by Fire pursuant to this ruling.

\* \* \*

With the exception of the last-mentioned question, for the quantitative determination of which the cause is remanded, the judgment below is affirmed.