# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FORTIS ADVISORS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **C.A. No. 2018-0933-JRS** |
| | ) | |
| SHIRE US HOLDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Date Submitted: November 7, 2019
Date Decided: February 13, 2020

Joel Friedlander, Esquire and Christopher P. Quinn, Esquire of Friedlander & Gorris, P.A., Wilmington, Delaware and William S. Ohlemeyer, Esquire, Robin A. Henry, Esquire, Jack Wilson, Esquire and Kyle W. Roche, Esquire of Boies Schiller Flexner LLP, Armonk, New York, Attorneys for Plaintiff Fortis Advisors LLC.

Stephen C. Norman, Esquire and Jaclyn Levy, Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware; John D. Donovan, Jr., Esquire of Ropes & Gray LLP, Boston, Massachusetts; and David B. Hennes, Esquire and Adam M. Harris, Esquire of Ropes & Gray LLP, New York, New York, Attorneys for Defendant Shire US Holdings, Inc.

**SLIGHTS, Vice Chancellor**

Plaintiff, Fortis Advisors, LLC ("Fortis"), acting as agent for the former stockholders of SARcode Bioscience Inc. ("SARcode"), first sued Defendant, Shire US Holdings, Inc. ("Shire"), in this court in 2016 (the "2016 Action"). Fortis alleged Shire owed SARcode's former stockholders approximately $425 million in "milestone payments" arising from Shire's 2013 acquisition of SARcode by merger. I granted Shire's Motion to Dismiss in 2017 (the "2017 Decision") because the payments were not owed under the clear language of the 2013 Merger Agreement.[1]

After the 2017 Decision, Fortis sought information from Shire that would shed light on how Shire evaluated whether the milestone payments were owed. Shire provided some, but not all, of the information requested. When Shire declined to provide Fortis with additional data, Fortis sued Shire again, this time alleging it was entitled to the withheld information under the Merger Agreement's information rights provision. Shire has cried foul, claiming Fortis had its bite at the apple in the 2016 Action, and invokes *res judicata* as a basis to dismiss the claim. Fortis waives off the supposed foul and argues its latest breach claim accrued after the 2017 Decision. Accordingly, it says, the information rights claim cannot be barred by *res judicata*.

---

[1] *Fortis Advisors v. Shire US Hldgs., Inc.*, 2017 WL 3420751 (Del. Ch. Aug. 9, 2017).

For reasons explained below, I agree with Shire that Fortis's new breach of contract claim arises from the same transaction that was the subject of the 2016 Action, as resolved in the 2017 Decision and related final judgment. Accordingly, Shire's Motion to Dismiss must be granted.

## I. BACKGROUND

I have drawn the facts from the well-pled allegations in the Verified Complaint.[2] For purposes of Shire's Rule 12(b)(6) motion, I accept those well-pled allegations as true.[3]

### A. The 2016 Action

The 2017 Decision sets forth in detail the factual background underlying the parties' relationship and the dispute that gave rise to the 2016 Action.[4] There is no need to retell the full story here. Suffice it to say, in that case, Fortis sued for payments it alleged were owed under the 2013 Merger Agreement governing Shire's

---

[2] Citations to the Verified Complaint are to "Compl. ¶__."

[3] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 169 (Del. 2006). While I have drawn the facts from the well-pled allegations in the Complaint, I have also taken judicial notice of the court record that gave rise to the 2017 Decision. *See Frank v. Wilson*, 32 A.2d 277, 280 (Del. 1943) (taking judicial notice of court record in companion litigation when addressing a motion to dismiss); *Orloff v. Shulman*, 2005 WL 3272355, at *12 (Del. Ch. Nov. 23, 2005) (same).

[4] *Shire*, 2017 WL 3420751, at *1–5.

acquisition of SARcode.[5]  The dispute involved a question of whether SARcode's primary product, Lifitegrast, had achieved certain statistically significant results in a clinical trial.[6]  If the drug had achieved the results designated in the Merger Agreement, then SARcode's former stockholders would have been owed substantial milestone payments.[7]  After carefully considering the applicable provisions in the Merger Agreement, I determined Shire had offered the only reasonable construction of those provisions and, under that construction, Shire did not owe any milestone payments.[8]

## B. The Current Action

Shortly after this Court dismissed Fortis's claim, Fortis contacted Shire's general counsel seeking to enforce its information rights under Section 9.2(d)(vi)(D) of the Merger Agreement.[9]  Shire responded by providing Fortis with the Clinical Study Report containing the details Shire used to conclude that Lifitegrast had not achieved the results that would have triggered a right to milestone payments.[10]

---

[5] Compl. ¶¶ 21, 29.  *See* Exhibit 1 (the "Merger Agreement").

[6] Compl. ¶ 28.

[7] *Id.*

[8] *Shire*, 2017 WL 3420751, at *1.

[9] Compl. ¶ 33.

[10] Compl. ¶¶ 35–37.

In late 2018, after reviewing the data, Fortis had questions concerning the methodology Shire employed in the study.[11] Fortis identified a potential issue with the study's population and sought additional information that would allow it further to investigate Shire's methodology.[12] Shire did not provide the requested information, and Fortis filed this suit in December 2018.[13]

Fortis's Complaint asserts two claims: (1) a claim for declaratory relief that Shire is required to turn over the requested information under Section 9.2(d)(vi)(D) of the Merger Agreement; and (2) a claim for breach of the Merger Agreement resulting from Shire's failure to provide the requested information and a prayer for specific performance.[14] Shire has moved to dismiss under Court of Chancery Rule 12(b)(6) for failure to state a claim, arguing the current suit is barred by *res judicata*.

## II. ANALYSIS

When this court reviews a motion to dismiss under Court of Chancery Rule 12(b)(6), it must "(1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as 'well pleaded' if they give the opposing party

---

[11] Compl. ¶¶ 42, 44.

[12] Compl. ¶¶ 42–43.

[13] Compl. ¶ 47.

[14] Compl. ¶¶ 48–58.

notice of the claim, [and] (3) draw all reasonable inferences in favor of the non-moving party. . . ."[15]  *Res judicata* is an affirmative defense.[16]  When a defendant asserts an affirmative defense, like *res judicata*, as a basis for pleading stage dismissal, that motion to dismiss will be granted only if "the plaintiff can prove no set of facts to avoid it . . . ."[17]

The doctrine of *res judicata* "exists to provide a definite end to litigation, prevent vexatious litigation, and promote judicial economy."[18]  As a threshold procedural bar, *res judicata* "extends to all issues which might have been raised and decided in the first suit . . . ."[19]  "In essence, the doctrine of *res judicata* serves to prevent a multiplicity of needless litigation of issues" by requiring a party to litigate all of their claims arising from a single transaction in one cause of action.[20]

In Delaware, *res judicata* will bar a claim when the defendant is able to satisfy a five-part test:

---

[15] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011).

[16] *See* Ct. Ch. R. 8(c); *MHS Capital LLC v. Goggin*, 2018 WL 2149718, at *17 (Del. Ch. May 10, 2018) (describing *res judicata* as an affirmative defense).

[17] *Reid v. Spazio*, 970 A.2d 176, 183–84 (Del. 2009).

[18] *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 191 (Del. 2009) (citations omitted).

[19] *Id.* at 192.

[20] *Id.*

(1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree.[21]

According to Fortis, *res judicata* does not bar its claim for three reasons. First, this Court expressly reserved Fortis's right to bring its information rights claim in the 2017 Decision.[22] Second, the 2016 Action and this action do not arise from the same transaction, leaving the third element of *res judicata* unsatisfied.[23] Finally, Shire is equitably estopped from asserting *res judicata*.[24] As I explain below, each argument fails.

**A. This Court Did Not Reserve Fortis's Right to Bring this Action**

Fortis argues this Court expressly reserved its right to prosecute a claim to enforce its information rights in the 2017 Decision. It points to a footnote in that decision where the Court noted that, contrary to the position Fortis was advancing

---

[21] *Dover Historical Soc., Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1092 (Del. 2006).

[22] Pl.'s Answering Br. in Opp'n to Def.'s Mot. to Dismiss the Verified Compl. ("AB") 19–20.

[23] Fortis does not dispute that elements one, two, four and five are satisfied in this case. *See id.* at 20–24 (only disputing the third element).

[24] *Id.* at 19–27.

to resist dismissal, Fortis had not alleged a breach of its information rights in the 2016 Action:

> Fortis argues that Shire has denied it access to the actual data from the OPUS–2 Study even though it is contractually entitled to this data. According to Fortis, the actual data would allow it to determine if the results in the OPUS–2 Study were, in fact, statistically significant. Yet this is not the breach of contract claim Fortis brought in this action. *If Fortis believes that it has been denied access to information that it is entitled, by contract, to receive, it may bring that claim and Shire may raise its defenses.*[25]

Setting aside whether, as Fortis claims, the 2017 Decision intended to provide Fortis with a hall pass to avoid Chancery Rule 12(b)(6) in a subsequent action, which clearly it did not, Fortis has pointed to no Delaware authority that would support the proposition that a trial judge has the power to grant a *res judicata* waiver under the circumstances presented here.[26]  Regardless, even if this Court possessed that power, no such waiver has been granted.  The Court's 2017 Decision simply observed that

---

[25] *Shire*, 2017 WL 3420751, at *10 n.41 (emphasis added).

[26] Fortis is correct that The Restatement of Judgments recognizes an exception to *res judicata* where "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action . . . ."  Restatement (Second) of Judgments § 26 (Am. Law Inst. 1982).  As the comments to that section make clear, however, this exception only applies where the first judgment was without prejudice or there are "special reasons that justify" claim splitting.  *Id.* at cmt. b.  Fortis does not dispute the 2016 Action was dismissed with prejudice.  And Fortis has pointed to no "special reasons" that would justify claim splitting in this case.  *Sklyarski v. Means-Knaus P'rs, L.P.*, 777 F.3d 892 (7th Cir. 2015) is similarly inapposite.  In that case, the district court had barred the plaintiff from bringing a claim against a *new defendant* after expressly encouraging the plaintiff to do just that.  *Id.* at 896.  There was no analogous judicial direction given here.

Fortis had not brought an information rights claim in the 2016 Action—even though it was attempting to assert those rights in response to the motion to dismiss—and commented that Fortis could attempt to bring that claim if it wished and Shire could then "raise its defenses."[27] Nothing in that observation was intended to, or did, communicate some preview of how the Court would rule should Fortis bring the claim and Shire raise its defenses. The suggestion to the contrary is delusive.

## B. The 2016 Action and This Action Arise from the Same Transaction

Whether the third element of *res judicata* is satisfied turns on whether the past and present claims arise from the same transaction.[28] Delaware treats a contract as a "single transaction for the purpose of claim preclusion."[29] In a circumstance as presented here, this court looks to whether "the pleadings framing the issues in the first [breach of contract] action would have permitted the raising of the issue sought to be raised in the second action, and if the facts were known, or could have been known to the plaintiff in the second action at the time of the first action . . . ."[30]

---

[27] *Shire*, 2017 WL 3420751, at *10 n.41.

[28] *RBC Capital Mkts., LLC v. Educ. Loan Trust IV*, 87 A.3d 632, 645 (Del. 2014).

[29] *LaPoint*, 970 A.2d at 194.

[30] *Id.* at 193 (quotations omitted).

8

Fortis argues the facts underlying this action were not known, and could not have been known, when it filed the 2016 Action.[31] Specifically, it alleges Shire breached the information rights provision by failing to provide information requested in October 2018.[32] As this breach postdates the filing of the 2016 Action, Fortis argues the breach could not have been the subject of that action.[33] In asserting this argument, Fortis blinks at the reality created by the clear language of the Merger Agreement, not to mention its own statements in the 2016 Action.

The Merger Agreement makes clear Fortis's information rights vest upon a determination by Shire that the milestone payments will not be paid.[34] When Shire made its determination that no milestone payments were owed, and Fortis sued to recover those payments, Fortis's information rights were both knowable and known. Despite demonstrating an awareness that its information rights had vested,[35] Fortis made an apparent strategic choice not to pursue them. That Fortis now regrets its choice not to assert its rights in the 2016 Action does not mean that it did not possess

---

[31] AB 22.

[32] Compl. ¶¶ 45–47.

[33] AB 23–24.

[34] Merger Agreement § 9.2(d)(vi)(D).

[35] As previously noted, Fortis explicitly argued to this Court that Shire was in breach of the Merger Agreement by not honoring Fortis's information rights. *Shire*, 2017 WL 3420751 at *10 n.41.

them when it initiated that action, or that it can now split its accrued claims under the Merger Agreement as it sees fit.[36]

**C. Shire Is Not Equitably Estopped From Asserting *Res Judicata***

Fortis's final argument to save its attempted claim splitting is that Shire is equitably estopped from asserting *res judicata* as a defense in this action.[37] "The doctrine of equitable estoppel is invoked 'when a party by his conduct intentionally or unintentionally leads another, in reliance upon that conduct, to change position to his detriment.'"[38] The Complaint says nothing to indicate that Shire did or said anything to cause Fortis to refrain from asserting its information rights in the 2016 Action.[39] Fortis can point to no pre-litigation action by, or

---

[36] *See LaPoint*, 970 A.2d at 188 (describing *res judicata* as preventing "claim splitting"); *Maldonado v. Flynn*, 417 A.2d 378, 382 (Del. Ch. 1980) (same); *Bradfield v. Unemployment Ins. Appeal Bd.*, 53 A.3d 301 (Del. 2012) (table) (same); *Winner Acceptance Corp. v. Return on Capital Corp.*, 2008 WL 5352063, at *18 (Del. Ch. Dec. 23, 2008) (same).

[37] AB 24–27.

[38] *Nevins v. Bryan*, 885 A.2d 233, 249 (Del. Ch. 2005) (quoting *Wilson v. Am. Ins. Co.*, 209 A.2d 902, 903–04 (Del. 1965)).

[39] The best Fortis can muster in this regard is to argue that Shire was obliged to provide Fortis with a "Milestone Abandonment Notice" before Fortis could pursue its information rights. AB 25–27. It claims Shire's failure to provide that notice induced Fortis not to pursue those rights. *Id.* That argument is simply not credible. At no point during the events leading up to this litigation, or in the 2016 Action, has Fortis acted as if a formal "Milestone Abandonment Notice" was somehow relevant to the dispute. The Merger Agreement § 9.2(d)(vi)(D) provides that Shire is to provide notice to Fortis in writing if it decides a milestone will not be met. Once Shire provided that notice, it had an obligation to provide "reasonable access" to information that would assist Fortis in evaluating that determination. While issuance of a Milestone Abandonment Notice clearly triggers

10

communication from, Shire that would have justifiably caused Fortis to refrain from pursuing its information rights.[40]

## III. CONCLUSION

For the foregoing reasons, Defendant Shire US Holdings, Inc.'s Motion to Dismiss must be **GRANTED**.

**IT IS SO ORDERED.**

---

Fortis's information rights, Fortis's argument in the 2016 Action—when no such notice had been issued—that it was being denied access to information demonstrates its position at the time that no such notice was required for its rights under § 9.2(d)(vi)(D) to vest. If Fortis genuinely believed Shire was obliged to provide a formal Milestone Abandonment Notice before Fortis's information rights ripened, then one would have expected Fortis to express that belief either when it complained about Shire's failure to provide information in the 2016 Action or within the Complaint that initiated this action. Of course, it did neither; its Answering Brief in opposition to the motion *sub judice* contains the first invocation of the Milestone Abandonment Notice in support of its information rights claim. Fortis simply cannot argue that it was induced not to act in the face of its demonstrated belief during the 2016 Action that there was no contractual barrier to pursuing its information rights. Indeed, Shire still has not issued a Milestone Abandonment Notice, and that has not stopped Fortis from pursuing its information rights in this action. AB 25.

[40] That Shire voluntarily responded to Fortis's request for information *after* the 2016 Action was dismissed cannot form the basis of an argument that Fortis was somehow induced not to pursue its information rights *prior to* or *during* the 2016 Action.

11