**Camille L. JULIN, Respondent Below, Appellant/Cross–Appellee,**

v.

**Bruce G. JULIN, Petitioner Below, Appellee/Cross–Appellant.**

**No. 77, 2001.**

Supreme Court of Delaware.

Submitted: Nov. 29, 2001.

Decided: Dec. 17, 2001.

---

Francine R. Solomon, Ferrara, Haley, Bevis & Solomon, Wilmington, Delaware, for Appellant/Cross–Appellee.

Curtis P. Bounds, The Bayard Firm, Wilmington, Delaware, for Appellee/Cross–Appellant.

Before VEASEY, Chief Justice, WALSH, and BERGER, Justices.

PER CURIAM.

In this appeal from the Family Court, the appellant-former wife ("Wife") seeks review of a decision modifying past due alimony and denying an award of counsel fees. The appellee-former husband ("Husband") cross-appeals from the Family Court's determination that the Wife was incapable of full time work. We conclude that the Family Court's decision that the Wife acquiesced in the Husband's reduced alimony payments is fully supported by the record. We further conclude that the court did not abuse its discretion in requiring each party to defray its own counsel fees. Our denial of the principal appeal renders the cross-appeal moot.

I

The parties were divorced in 1992 and, incident to the divorce decree, the Family Court entered a property division and alimony award which, *inter alia*, ordered the Husband to pay monthly alimony in the amount of $2,350. The court also entered an order granting the Wife a share of the

Husband's pension when he reached retirement age.

In January 1995, Husband began receiving pension benefits and the Wife simultaneously began receiving related benefits in the amount of $1,504 per month. The Husband thereupon reduced his direct alimony payment by a corresponding amount each month. The Wife accepted the new arrangement, without protest, until October 5, 1999 when she filed a Rule to Show Cause Petition seeking to have the Husband held in contempt for failure to honor the original alimony award. The Husband filed a counterclaim, seeking a reduction or discontinuance of alimony because of a substantial change in circumstances, alleging that the Wife was able to engage in full-time employment. The Family Court, after trial, determined that Wife's acceptance of the revised payment arrangement for more than five years constituted acquiescence and she was thereby estopped from asserting a right to additional payments. The court specifically rejected the Wife's claim that her medical condition prevented her from "focusing" on the payment discrepancy.

■ Acquiescence is an equitable defense which is assertable against a party who remains inactive for a considerable period of time, or who recognizes the validity of the complained of act or who acts in a manner inconsistent with the subsequent repudiation and thus leads the other party to believe the act has been approved. 28 Am.Jur. *Estoppel and Waiver*, § 57 (1996); *Salomon Bros. Inc. v. Interstate Bakeries Corp.*, Del.Ch., 576 A.2d 650 (1989). Application of the standards underlying the defense of acquiescence is fact intensive, often depending, as here, on an evaluation of the knowledge, intention and motivation of the acquiescing party. In this case, the Family Court's determination of acquiescence turns, in large part, on the court's

evaluation of the Wife's testimony. Under a deferential standard of review, we find no basis to interfere with that evaluation. *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, Del.Supr., 402 A.2d 1202, 1204 (1979). Accordingly, we conclude that the Family Court's determination that the Wife acquiesced in the Husband's conduct is supportable both legally and factually.

## II

■ We next address the question of whether the Family Court properly determined that each party should bear its own counsel fees. The Wife acknowledges that an award of counsel fees is a matter of broad discretion but complains that the Family Court gave no reasons for its order that "each party shall be responsible for their own attorney fees and costs associated with the proceedings."

■ The principal source of the Family Court's authority to award counsel fees is 13 *Del. C.* § 1515. This statute, which permits the court to "order a party to pay all or part of the cost to the other party of maintaining or defending any proceeding . . . and for attorney's fees," is in derogation of the American Rule which requires a party in litigation to bear its own costs, including counsel fees. *Brice v. Dept. of Correction*, Del.Supr., 704 A.2d 1176 (1998). This Court has ruled that an *"award of fees* may not be made arbitrarily and a statement as to the reasons for an award of costs and fees should appear in the record." *Lee v. Green*, Del. Supr., 574 A.2d 857 (1990) (emphasis supplied). While this Court encourages the trial courts, as a matter of policy, to provide reasons for rulings, there is no such requirement when the court declines to depart from the norm in the denial of affirmative relief. Accordingly, we find no basis in this case to require the court to explain the reason for its adherence to

the American Rule. Accordingly, its ruling is affirmed.

## III

In view of our affirmance of the Family Court's denial of Wife's claim for retroactive alimony, it is unnecessary to consider the Husband's claim that the Wife was capable of full-time employment in the intervening years. Accordingly, the cross-appeal is denied as moot.