LORETTA W. HARRINGTON, Petitioner Below-Appellant,
v.
BILLY B. ALLABAND, Respondent Below-Appellee.
No. 225, 2007.
Supreme Court of Delaware.
Submitted: September 27, 2007.
Decided: January 8, 2008.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 8th day of January 2008, upon consideration of the parties' briefs on appeal, it appears to the Court that:
(1) The appellant, Loretta Harrington (Wife),[1] filed this appeal from the Family Court's denial of her motion to open a default judgment against her. The default judgment was granted because Wife failed to appear at the hearing she requested the Family Court to hold to resolve property division matters ancillary to the parties' divorce. The default judgment resulted in the dismissal of Wife's petition, which had the effect of ordering the parties to retain whatever assets and/or debts each held in their own name at the time of the dismissal. We find the Family Court's denial of Wife's motion to reopen to be an abuse of discretion. Accordingly, we reverse and remand.
(2) The record reflects that the property division hearing originally was scheduled for December 7, 2006. Prior to the hearing, Wife filed the required financial disclosures. Husband did not. On the day of the hearing, Wife appeared and was ready to proceed. Husband appeared with new counsel and requested a continuance and an opportunity to provide the required financial information. The Family Court granted the extension and rescheduled the hearing until March 5, 2007. Wife acknowledges receiving notice of the new hearing date by mail. She contends that she mistakenly put the hearing on her calendar on March 7, instead of March 5. She showed up in Family Court on March 7 and only then discovered her scheduling error. She immediately filed her motion to reopen the judgment. In denying Wife's motion, the Family Court acknowledged that Wife's neglect in failing to appear on March 7 may have been excusable. The trial court denied the motion, however, on the ground that a hearing would not have changed the result.
(3) A motion to open a default judgment pursuant to Rule 60(b) is addressed to the sound discretion of the trial court.[2] In reviewing whether the trial court abused its discretion, this Court will consider: (i) whether the conduct resulting in the entry of the default judgment was the result of excusable neglect; (ii) whether the outcome of the action may be different if the judgment is reopened; and (iii) whether the nonmoving party will suffer substantial prejudice if the judgment is reopened.[3]
(4) Upon review of the record, we conclude that the Family Court abused its discretion is denying Wife's motion to reopen the default judgment. First, as the Family Court found, the record reflects that Wife's failure to appear was the result of excusable neglect and was not willful. Second, the Family Court's equitable division of marital property is a fact-intensive decision under 13 Del. C. § 1513, and we conclude that a fact-finding hearing on the merits of Wife's petition may result in a different outcome. Finally, because the default judgment was simply a dismissal of Wife's petition, we find no substantial prejudice to Husband if the judgment if reopened and the Family Court holds a hearing on the merits of Wife's petition for equitable division.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is REVERSED. The matter is hereby REMANDED to the Family Court for further proceedings consistent with this order. Jurisdiction is not retained.
NOTES
[1] The Court previously assigned pseudonyms to the parties.
[2] Tsipouras v. Tsipouras, 677 A.2d 493, 495 (Del. 1996).
[3] Id. at 495-96.