IN THE SUPREME COURT OF THE STATE OF DELAWARE

KAREN PAIGE,[1]

Petitioner Below,
Appellant,

v.

MICHAEL MCDONALD,

Respondent Below, Appellee.

§  Nos. 631, 2018; 312, 2019;
§  313, 2019; 314, 2019
§  **Consolidated**
§
§  Court Below—Family Court
§  of the State of Delaware
§
§  File No. CN16-04806
§  Petition Nos. 17-31463;
§  16-32733; 18-38080; 19-10600
§

Submitted: January 24, 2020
Decided:    March 16, 2020

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

(1)    The appellant ("Ex-Wife") filed these appeals from various decisions of the Family Court in proceedings concerning matters ancillary to her divorce from the appellee ("Ex-Husband") and custody of the parties' minor child.  For purposes of judicial economy, we consolidated these appeals.  We address the issues raised in each appeal in turn and affirm the Family Court's judgments.

*No. 631, 2018*

(2)    The Family Court entered a default order resolving matters ancillary to the parties' divorce after Ex-Wife failed to appear at the pretrial conference.  Ex-

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

Wife filed a motion to reopen the default order, which the Family Court denied in a summary order. Ex-Wife appealed to this Court, and we remanded for the Family Court to analyze the motion to reopen using the factors set forth in *Donohue v. Donohue*.[2] On August 29, 2019, the Family Court issued an order applying the *Donohue* factors and again denying the motion to reopen. For the reasons discussed below, we find no reversible error and affirm the Family Court's judgment.

(3) On February 20, 2018, the Family Court granted Ex-Wife's divorce petition and retained jurisdiction to decide ancillary matters. Ex-Husband was represented by counsel in the ancillary proceeding, and Ex-Wife was not. Between February and November 2018, several disputes arose regarding discovery. The parties eventually exchanged discovery, although they disagree concerning whether either party ever provided all of the discovery that had been requested by the other party.

(4) In light of the discovery disputes, on August 22, 2018, Ex-Husband's counsel requested a continuance of the pretrial conference and the ancillary hearing, which were scheduled for September 24, 2018 and October 3, 2018, respectively. The Family Court granted the continuance, and on September 6, 2018, the court issued a letter order (the "Scheduling Order") rescheduling the pretrial conference

---

[2] 2005 WL 1421023 (Del. June 16, 2005). *See Paige v. McDonald*, 631, 2018, Order (Del. Aug. 22, 2019).

for November 13, 2018 and the ancillary hearing for December 4, 2018. Among other provisions, the Scheduling Order stated that if both parties failed to comply with the Scheduling Order, the ancillary hearing might be dismissed, and if one party failed to comply, a default judgment in favor of the complying party might be entered.

(5) On November 13, 2018, the date scheduled for the pretrial conference, Ex-Husband and his counsel appeared for the conference and Ex-Wife did not appear. On November 28, 2018 the Family Court entered a default order resolving the ancillary matters (the "Ancillary Matters Order"). Among other provisions, the Ancillary Matters Order identified $140,990.31 of non-mortgage debt, including $123,000 that was described as the "marital portion [of] Husband's Student Loans." The order allocated one-half of that debt, or $70,495.15, to Ex-Wife and ordered her to make monthly payments to Ex-Husband of $587.46 for ten years to pay for her portion of the debt.

(6) On December 5, 2018, counsel for Ex-Wife filed a motion to reopen the default order under Family Court Civil Rule 60(b)(1).[3] The motion to reopen stated that Ex-Wife failed to appear for the pretrial conference because she mistakenly thought it was scheduled for November 15, rather than November 13.

---

[3] Until this time, Ex-Wife had proceeded *pro se* in the ancillary proceeding but was represented by counsel in the custody proceeding. Ex-Wife's counsel in the custody proceeding filed the motion to reopen the ancillary default order.

The motion further stated that upon realizing her mistake on November 14, she contacted the court to inform the court of her mistake and to inquire what action she should take. As evidence of that contact, the motion to reopen included as an exhibit an email from Ex-Wife to a Family Court staff member, which was dated November 14 at 10:44 a.m. Invoking the factors set forth in *Donohue*, the motion to reopen argued that (i) Ex-Wife's mistake constituted excusable neglect; (ii) the outcome of the matter would be different if the matter were reopened because the default order did not account for payments that Ex-Wife had made for the mortgage and household expenses since the parties' separation and saddled Ex-Wife with Ex-Husband's student loans, which she asserted did not benefit the marriage, while not accounting for Ex-Wife's debts; and (iii) Ex-Husband would suffer no material prejudice if the matter were reopened, because the order had been entered only a week before the motion was filed.

(7) Ex-Husband opposed the motion to reopen. He argued that Ex-Wife's absence from the pretrial conference was inexcusable, because Ex-Wife had been notified of the date of the pretrial conference, both by the court and by communications from Ex-Husband's counsel's staff to Ex-Wife concerning the draft pretrial stipulation, including an email on November 12, 2018 that referred to "tomorrow's pretrial hearing." Ex-Husband further argued that Ex-Wife had been

4

uncooperative in the pretrial process, which demonstrated Ex-Wife's bad faith and waived her right to present her arguments concerning the parties' debts.

(8) On December 13, 2018, the Family Court entered a summary order denying Ex-Wife's motion to reopen. Upon remand from this Court, the Family Court entered an order applying the *Donohue* factors and again denying the motion to reopen.

(9) A decision to reopen a default judgment under Rule 60(b) rests in the sound discretion of the trial court.[4] To further the policy of favoring a hearing on the merits over the entry of a default judgment, Rule 60(b) is afforded a liberal construction, resolving any doubts in favor of the moving party.[5] Under Rule 60(b)(1), the Family Court may relieve a party from a default judgment for "[m]istake, inadvertence, surprise, or excusable neglect."[6] In order to succeed on a motion under that rule, the defaulting party must show (i) excusable neglect in the conduct that resulted in the default judgment; (ii) the outcome of the action may be different if relief is granted; and (iii) the nonmoving party will not suffer substantial prejudice if the motion is granted.[7] To constitute excusable neglect, the conduct of

---

[4] *Reynolds v. Reynolds*, 595 A.2d 385, 389 (Del. 1991).
[5] *Morrow v. Morrow*, 2006 WL 506255, at *2 (Del. Feb. 28, 2006).
[6] Del. Fam. Ct. Civ. R. 60(b)(1).
[7] *Donohue v. Donohue*, 2005 WL 1421023, at *1 (Del. June 16, 2005).

5

the moving party must have been that of a reasonably prudent person under the circumstances.[8]

(10) The Family Court did not abuse its discretion by denying the motion to reopen after remand. Ex-Wife argues that the court should have reopened the judgment because her failure to appear at the pretrial conference was a mistake. Missing one scheduled court date because of a mistake might constitute excusable neglect under some circumstances.[9] But the Family Court found that Ex-Wife failed to show excusable neglect, as required under *Donohue*, because Ex-Wife had been provided with several notices of the conference and her "lack of effective participation in this matter has been pervasive and deliberate." Contrary to Ex-Wife's contentions, the record reflects that she failed to satisfy discovery obligations and meet deadlines established by the court, without requesting and obtaining extensions. That conduct, coupled with evidence that she was provided with several notices of the date of the pretrial conference date, support the Family Court's determination that Ex-Wife's failure to appear at the pretrial conference was not the

---

[8] *Id.*; *Morrow*, 2006 WL 506255, at *2.
[9] *See, e.g.*, *Harrington v. Allaband*, 2008 WL 187961 (Del. Jan. 8, 2008) (finding excusable neglect where party incorrectly entered rescheduled hearing date in her calendar).

result of excusable neglect.[10]  In the absence of a finding of excusable neglect, we conclude that the Family Court did not err by denying the motion to reopen.[11]

*No. 312, 2019*

(11)  Ex-Wife filed this appeal from a July 16, 2019 "rule to show cause" order in which the Family Court found that Ex-Wife had not complied with the Ancillary Matters Order because she had not (i) cooperated with the sale of the marital residence nor (ii) made monthly payments to Ex-Husband as required for her portion of the parties' marital debt.  The court therefore ordered Ex-Wife to cooperate with a real estate agent that Ex-Husband had hired to assist with the sale of the home and ordered an attachment of Ex-Wife's wages for payment of the marital debt.  On appeal, Ex-Wife does not assert that she was in fact in compliance with the order.  Rather, she argues that she received delayed notice of the hearing on Ex-Husband's rule to show cause and that the court did not grant her request for a continuance of the hearing so that she could seek legal counsel.

(12)  We find no reversible error.  Ex-Wife acknowledges that she had notice of the rule to show cause hearing approximately three weeks or more before the

---

[10] *See DiSabatino v. DiSabatino*, 2007 WL 812766 (Del. Mar. 16, 2007) (affirming Family Court's denial of motion to reopen default judgment against Husband where Husband failed to demonstrate excusable neglect because the default order was entered based on his failure to appear at the scheduled pretrial conference and his intentional failure to cooperate with discovery).

[11] *See id.* (affirming Family Court's denial of motion to reopen, where the moving party demonstrated that the outcome might be different if relief were granted and that the nonmoving party would not suffer substantial prejudice, but did not show excusable neglect).

hearing, and that she appeared for the hearing despite the allegedly delayed notice. She also does not identify any facts or legal issues that she would have been able to develop with the assistance of legal counsel that would have changed the result. As the Family Court observed in the July 16, 2019 order, Ex-Wife was required to comply with the Ancillary Matters Order while these appeals were pending. Moreover, this Court's denial of her motion for a stay of the Ancillary Matters Order pending appeal also put her on notice of her obligations, well before the July 2019 rule to show cause hearing.[12]

*No. 313, 2019*

(13)   Ex-Wife filed this appeal from a June 17, 2019 Family Court order denying her motion seeking attorneys' fees that she incurred as a result of Ex-Husband's "appeals" of the Family Court order concerning custody of the parties' child.[13]   She argues that she prevailed on appeal and that the Family Court's denial of her motion was inconsistent with orders in which the court has granted Ex-Husband's request for reimbursement of attorneys' fees as a sanction for Ex-Wife's dilatory and abusive litigation tactics that increased the amount of fees that Ex-Husband incurred in the proceedings.

---

[12] *Paige v. McDonald*, No. 631, 2018, Docket Entry No. 18 (Del. Feb. 28, 2019).
[13] It is not clear to which proceedings Ex-Wife is referring, as Ex-Husband has filed a single appeal of the Family Court's custody order. *McDonald v. Paige*, No. 458, 2018 (Del. Apr. 30, 2019).

8

(14) Under the so-called "American Rule," litigants—even prevailing litigants—are responsible for paying their own attorneys' fees, unless equitable principles or a fee-shifting statute warrant a different result.[14] Title 13, Section 1515 of the Delaware Code permits, but does not require, the Family Court to order one party to pay another party's attorneys' fees. Denial of an application for attorneys' fees is within the broad discretion of the Family Court, and we find no basis in this case to reverse the Family Court's ruling.[15] The fact that Ex-Wife prevailed in Ex-Husband's appeal in the custody matter does not, standing alone, mandate fee shifting.[16] Nor has Ex-Wife demonstrated a statutory or equitable basis for fee shifting—indeed, the motion that she filed in Family Court stated *no* grounds for her claim for fees at all.

*No. 314, 2019*

(15) Ex-Wife filed this appeal from a June 24, 2019 order in which the Family Court denied Ex-Wife's petition for a rule to show cause alleging that Ex-Husband had violated the court's order, entered May 11, 2018, concerning custody

---

[14] *Goodrich v. E.F. Hutton Group, Inc.*, 681 A.2d 1039, 1043-44 (Del. 1996).

[15] *See Julin v. Julin*, 787 A.2d 82, 84 (Del. 2001) ("This Court has ruled that an '*award of fees* may not be made arbitrarily and a statement as to the reasons for an award of costs and fees should appear in the record.' *Lee v. Green,* Del.Supr., 574 A.2d 857 (1990) (emphasis supplied). While this Court encourages the trial courts, as a matter of policy, to provide reasons for rulings, there is no such requirement when the court declines to depart from the norm in the denial of affirmative relief. Accordingly, we find no basis in this case to require the court to explain the reason for its adherence to the American Rule.").

[16] *See Goodrich*, 681 A.2d at 1044 ("Pursuant to the American Rule, prevailing litigants are responsible for the payment of their own attorney's fees." (citation omitted)).

of the parties' child. After careful consideration of the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated June 24, 2019. The fact that Ex-Wife disagrees with the Family Court's factual determinations is not a basis for reversal. Factual findings will not be disturbed on appeal unless they are clearly erroneous, and when the determination of facts turns on a question of the credibility of the witnesses appearing before the trial court, we will not substitute our opinion for that of the trier of fact.[17]

NOW, THEREFORE, IT IS ORDERED that the judgments of the Family Court are AFFIRMED. The appellant's motion for an emergency stay is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

[17] *Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019).