Rad v IAC/InterActiveCorp (2020 NY Slip Op 02990)





Rad v IAC/InterActiveCorp


2020 NY Slip Op 02990


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9946 654038/18

[*1]Sean Rad, et al., Plaintiffs-Respondents,
v
IAC/InterActiveCorp, et al., Defendants-Appellants. The Real Estate Board of New York, Amicus Curiae.


Wachtell, Lipton, Rosen & Katz, New York (Marc Wolinsky of counsel), for appellants.
Gibson, Dunn & Crutcher LLP, New York (Orin Snyder of counsel), for respondents.
Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Janice Mac Avoy of counsel), for amicus curiae.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered June 13, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the cause of action for breach of contract except for the merger-related claims asserted by plaintiffs Alexa Mateen and Justin Mateen, and the causes of action for tortious interference with contractual relations and tortious interference with prospective economic advantage, unanimously affirmed, without costs.
The court properly found that CPLR 7601 does not apply to bar plaintiffs' claims. CPLR 7601 permits, but does not require, the commencement of a special proceeding to enforce a valuation agreement. Although plaintiffs' claims undoubtedly relate to a dispute over the valuation process, plaintiffs are not seeking to enforce the valuation agreement and are properly seeking relief in a plenary action (see Matter of Penn Cent. Corp. [Consolidated Rail Corp.], 56 NY2d 120, 130 [1982]). In light of the foregoing, the parties' other arguments about the application of CPLR 7601 are moot.
The motion court properly found that issues of fact exist as to whether plaintiffs acquiesced to the transaction at issue. Although plaintiff Rad's unvested options vested immediately upon the merger, and he exercised them all, the equitable defense of acquiescence is "fact intensive, often depending . . . on an evaluation of the knowledge, intention and motivation of the acquiescing party" (Julin v Julin, 787 A2d 82, 84 [Del 2001]).
Contrary to defendants' contention, those plaintiffs whose employment terminated prior to the merger have standing to assert merger-related claims. While they were obligated to sell their
outstanding options upon leaving the company, those options were not valued until the merger.
The Decision and Order of this Court entered herein on October [*2]29, 2019 (176 AD3d 635 [1st Dept 2019]) is hereby recalled and vacated (see M-8412 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK