# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADRIAN HAROLD,[1] | § | |
| | § | No. 193, 2021 |
| Respondent Below, | § | |
| Appellant, | § | |
| | § | Court Below–Family Court |
| v. | § | of the State of Delaware |
| | § | |
| DOUG HAROLD, SR., | § | |
| | § | File No. CN91-10074 |
| Petitioner Below, | § | Petition No. 17-06166 |
| Appellee. | § | |

Submitted: November 5, 2021
Decided: January 14, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the parties' briefs and record on appeal, it appears to the Court that:

(1)     The appellant, Adrian Harold (the "Wife"), filed this appeal from the Family Court's order denying her motion for payment of alimony arrears and ordering her to reimburse the appellee, Doug Harold, Sr. (the "Husband"), for his attorney's fees.  For the following reasons, we affirm in part and vacate in part the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

(2)     The record reflects that the parties married in 1991 and were divorced by final decree of the Family Court on November 15, 2017.  The Family Court issued a decision on the financial matters ancillary to the parties' divorce on September 11, 2018 (the "2018 Order").  Among other things, the 2018 Order denied the Wife's claim for alimony and ordered that the former marital residence be sold and the proceeds divided equally between the parties.  The Wife appealed, and we reversed.[2] Relevant here, on remand we directed the Family Court to (i) re-evaluate the 50/50 property division in light of the Wife's desire to remain in the former marital home and the Husband's pension and (ii) reconsider the Wife's alimony request after reassessing the Wife's income, the Wife's estimated expenses, and the Husband's estimated expenses.[3]

(3)     On remand, the Family Court did not reopen the record or otherwise consider new evidence.  Instead, on October 15, 2019, the Family Court issued an amended ancillary matters order (the "2019 Order"), awarding the Wife alimony in the amount of $942.00 per month retroactive to the date of the 2018 Order.  As a result, the Family Court imposed an arrears balance on the Husband in the amount of $15,072.00 and directed the Husband to pay $50.00 per month toward the arrears balance.  With regard to the parties' property division, the Family Court declined to

---

[2] *Harold v. Harold*, 2019 WL 4724820 (Del. Sept. 26, 2019).
[3] *Id.* at 4.

2

revisit its earlier ruling that the property be divided equally and noted that the former marital home had already been sold and the proceeds properly distributed. The Wife filed a motion for reargument, maintaining that the alimony-arrears payment schedule was unreasonable and asking the court to amend the 2019 Order to remove the $50 per month arrears obligation and replace it with a provision requiring the Husband to pay the full amount of arrears in one lump-sum payment. The Family Court denied the motion on November 18, 2019.[4] The Wife did not appeal.

(4) Shortly thereafter, in December 2019, the Husband filed a petition to modify his monthly alimony obligation, claiming that his expenses had increased, the Wife's expenses had decreased, and the Wife was underemployed. In January 2020, the Wife filed a petition for a rule to show cause, alleging that the Husband had failed to pay alimony as required by the 2019 Order for the months of November 2019 and December 2019. After a two-day hearing on the petitions, the Family Court granted the Husband's petition to modify alimony on March 9, 2021 (the "March 2021 Order"). The Family Court found that the Wife was no longer dependent on the Husband as of October 2019. And, because October 2019 pre-dated the months for which the Husband had failed to make alimony payments, the

---

[4] The Family Court also denied the Husband's motion for reargument, which is not relevant to this appeal, in the same order.

court denied the Wife's petition for a rule to show cause as moot. The Wife did not appeal the March 2021 Order.

(5) Instead, on April 20, 2021, the Wife filed a motion for payment of alimony in arrears, alleging that she was entitled to alimony through the date of the March 2021 order and seeking payment of the total arrears balance within thirty days. Although the Husband objected to the procedural posture of the motion,[5] he responded. In his response, the Husband noted that the 2019 Order was clear on its face with respect to the amount in arrears. And the Husband argued that the arrears balance should be reduced by (i) payments totaling $4,500.00 that he had made between November 2019 and March 2021 as well as (ii) fifty percent of the $3,991.00 he spent readying the former marital home for sale. The Husband also sought reimbursement for the costs and attorney's fees that he incurred responding to the Wife's motion. In her reply, the Wife neither questioned the amount that the Husband alleged he had spent on home repairs nor alleged that she had incurred any similar expenses for which she should be credited. And the Wife did not deny that any of the payments cited by the Husband had, in fact, been made. Rather, the Wife (i) reiterated her argument that she was entitled to alimony payments until date of the March 2021 Order, (ii) argued that the Husband had waived any right to

---

[5] Instead of initiating a new proceeding, the Wife filed the motion in the parties' petition associated with their divorce and ancillary proceedings.

4

reimbursement for home repairs because he had sought reimbursement for them in a Justice of Peace Court action that had been dismissed in January 2020, (iii) maintained that the $50.00 per month repayment schedule was unreasonable, and (iv) asked the court to order the Husband to pay the arrears balance in full immediately. On May 4, 2021, the Family Court denied the Wife's motion and granted the Husband's request for attorney's fees and costs. The Wife now appeals.

(6) On appeal from a Family Court decision, this Court reviews the facts and law in addition to the Family Court's inferences and deductions.[6] We will not disturb factual findings "unless they are clearly wrong and justice requires their overturn."[7] Nor will we substitute our own opinion "for the inferences and deductions made by the [Family Court] where those inferences are supported by the record and are the product of an orderly and logical deductive process."[8] "Conclusions of law are reviewed *de novo*."[9] "If the law was correctly applied, we review for an abuse of discretion."[10]

(7) On appeal, the Wife argues that the Family Court erroneously calculated the amount that the Husband owes in arrears because: (i) she was entitled to alimony payments until the entry of the March 2021 Order, (ii) the Family Court

---

[6] *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983).
[7] *Id.*
[8] *Id.*
[9] *Forrester v. Forrester*, 953 A.2d 175, 179 (Del. 2008).
[10] *Id.*

improperly reduced the arrears balance by the costs incurred by the Husband readying the former marital home for sale because the JP Court had dismissed his claim for those costs, and (iii) the Family Court failed to account for the Wife's financial contribution to repairs made to the former marital home. The Wife also argues that the repayment schedule for the amount remaining in arrears is unreasonable and that the Family Court's order that the Wife reimburse the Husband for attorney's fees was unwarranted. The Wife's arguments regarding the Family Court's calculation of the remaining arrears balance are unavailing. But we find that the Family Court abused its discretion when it awarded costs and attorney's fees to the Husband under the circumstances presented here.

(8) As a preliminary matter, in its order denying the Wife's motion for reargument of the 2019 Order, the Family Court rejected the same argument she makes here—that the repayment schedule for the arrears balance was unreasonable or unworkable—and denied her request to modify the order to require the Husband to pay the arrears balance immediately in one lump sum. The Wife did not appeal from that order. Accordingly, her claim is barred by the doctrine of *res judicata*.[11]

(9) We affirm the Family Court's calculation of the arrears balance that the Husband owes. *First*, because the Wife did not argue in the Family Court that she

---

[11] *See Bradley v. Div. of Child Support Enf't*, 582 A.2d 478, 480 (Del. 1990) ("Under the doctrine of *res judicata*, a [final] judgment in a prior suit involving the same parties … bars a second suit on the same cause of action." (citation omitted)).

should be credited for her contributions to repairs to the former martial home, we will not entertain the claim on appeal.[12] *Second*, the Family Court properly concluded that the JP Court's dismissal of the Husband's claim for reimbursement of the costs that he incurred readying the former marital home for sale did not preclude the Family Court's consideration of them. The JP Court dismissed the Husband's complaint for lack of jurisdiction because the dispute, which involved repairs to an asset subject to disposition by the Family Court in connection with the parties' divorce proceedings, fell under the Family Court's jurisdiction.[13] Accordingly, the JP Court dismissed the Husband's complaint *without prejudice*, precisely so that the Husband could seek reimbursement in the Family Court. *Third*, the Wife's conclusory statement that she is entitled to alimony payments up to the date of the March 2021 Order is belied by the order itself, which found that the Wife was no longer dependent upon the Husband as of October 2019. That is, the Wife was not entitled to alimony payments after October 2019. As noted above, the Wife did not appeal the March 2021 Order. Therefore, we find that the Family Court did not err by subtracting from the original alimony arrears balance the undisputed payments the Husband made to the Wife and fifty percent of the undisputed costs the Husband incurred to prepare the former marital home for sale.

---

[12] Del. Supr. Ct. R. 8.

[13] *See* 10 *Del. C.* § 921; 13 *Del. C.* § 1513.

(10) Having found that the Family Court's judgment regarding the alimony arrears balance must be affirmed, we nevertheless conclude that the Family Court's award of costs and attorney's fees must be vacated. We review a Family Court award of attorney's fees for abuse of discretion.[14] The authority for the Family Court to order the payment of attorney's fees by one party to another is set forth in 13 *Del. C.* § 1515.[15] The statute, which permits the court to "order a party to pay all or part of the cost of the other party of maintaining or defending any proceeding… and for attorney's fees," is in derogation of the American Rule, which requires that each party bear his own costs, including attorney's fees.[16] Accordingly, we have held that an award of fees may not be made arbitrarily and "a statement as to the reason for an award of costs and fees should appear in the record."[17] Here, the record contains no such statement. The Family Court neither found that the Husband was a disadvantaged spouse without financial resources to prosecute or defend the motion,[18] nor did it find that there was a legal or equitable basis for the award of

---

[14] *Tanner v. Allen*, 2016 WL 6135339, at *2 (Del. Oct. 21, 2016).

[15] 13 *Del. C.* § 1515 ("The [Family] Court from time to time after considering the financial resources of both partis may order a party to pay all or part of the cost to the other party of maintaining or defending any proceeding under this title and for attorneys' fees….").

[16] *Julin v. Julin*, 787 A.2d 82, 84 (Del. 2001).

[17] *Lee v. Green*, 574 A.2d 857, 856 (Del. 1990).

[18] *See Olsen v. Olsen*, 971 A.2d 170, 176-77 (Del. 2009) (noting that "Section 1515 is most often invoked to provide a financially disadvantaged spouse with the financial resources to prosecute or defend an action").

8

costs and fees.[19] Under the circumstances, we find that the order awarding attorney's fees to the Husband must be vacated, and the matter remanded to the Family Court.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED in part and VACATED in part. The matter is REMANDED to the Family Court to provide its reasoning for awarding costs and attorney's fees. Jurisdiction is retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[19] *See* Del. Fam. Ct. Civ. P. R. 88 ("In every case where there is a legal or equitable basis therefor the [Family] Court may assess a party the reasonable counsel fees of any other party.").

9